# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| E.H.M., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-25-743-PRW** |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

E.H.M.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA"). (Doc. 1). The Commissioner has filed the Administrative Record ("AR") (Doc. 4), and the parties have fully briefed the issues (Docs. 7, 9, 10).[2] United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Federal Rule of Civil Procedure 72(b). (Doc. 6). For the reasons set forth below, the undersigned recommends the Court **AFFIRM** the Commissioner's decision.

---

[1] For privacy purposes in light of the sensitive information disclosed in Social Security cases, the Court refers to Plaintiff by initials only.

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

## I.       The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant for social security benefits is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id.* "The claimant

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a).

is entitled to disability benefits only if [the claimant] is not able to perform other work."
*Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023) (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## II.    Procedural History

Plaintiff received supplemental security income ("SSI") benefits as a child. (AR, at 13). Because Plaintiff turned 18 years old, the SSA was required to redetermine her

3

eligibility for SSI under the criteria used for adults.  42 U.S.C. § 1382c(a)(3)(H)(iii).  The SSA determined, both initially and on reconsideration, that Plaintiff was no longer disabled as of October 10, 2022.  (*Id.*)  After an August 15, 2024, administrative hearing,  (*id.* at 33-62), the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff's disability ended on October 10, 2022, and she had not become disabled again.  (*Id.* at 13-25).  The Appeals Council subsequently denied Plaintiff's request for review.  (*Id.* at 1-6).  Thus, the ALJ's decision became the final decision of the Commissioner.  *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## III.    Administrative Decision

Relevant to Plaintiff's claims, the ALJ found at Step Two of the analysis that Plaintiff had severe mental impairments of major depressive disorder and generalized anxiety disorder.[4]  (AR, at 15).  At Step Three, the ALJ found Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id*. at 16).  Relevant here, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace as well as in understanding, remembering, or applying information.  (*Id.* at 17).  The ALJ then determined Plaintiff had the RFC to perform light work with additional limitations, including that Plaintiff "can understand, remember, and carry out simple instructions."  (*Id.* at 18).  Because the ALJ

---

[4]  The ALJ also found that Plaintiff had severe physical impairments of suppurative hidradenitis, diabetes mellitus, and obesity, (AR, at 15), but Plaintiff's claims are unrelated those impairments.

found Plaintiff could perform jobs existing in substantial numbers in the national economy, he found Plaintiff's disability ended on October 10, 2022, and that Plaintiff has not become disabled again since that date.  (*Id.* at 23-24).

## IV.   Claims Presented for Judicial Review

Plaintiff contends the ALJ erred as a matter of law by simultaneously finding she could "perform the basic mental work activities necessary for unskilled work" and finding she had severe mental impairments.  (Doc. 7, at 3).  Additionally, Plaintiff asserts that the ALJ's findings of moderate limitations in concentrating, persisting, and maintaining pace were not properly accounted for in the RFC.  (*Id.* at 6-9).

The Commissioner contends that the ALJ's finding of severe mental impairments does not equate to a finding that Plaintiff cannot perform unskilled work.  (Doc. 9, at 4-8). Further, he argues that Plaintiff's moderate limitations were reasonably accounted for by an RFC that limited her to understanding, remembering, and carrying out simple instructions.  (*Id.* at 8-13).

## V.   The ALJ Did Not Err as a Matter of Law When Formulating the RFC.

Plaintiff's claims differ from most social security appeals in that she raises purely a matter of law.  (Doc. 7, at 3) (asserting the ALJ's finding that she had "a severe mental impairment means that **as a matter of law** [Plaintiff's] ability to perform basic work activities is significantly limited") (emphasis in original).  Plaintiff disclaims any argument that the ALJ's decision is not supported by substantial evidence.  (*Id.* at 9) (stating that she does not make "a relative weight of the evidence appellate challenge"); (Doc. 10, at 1)

5

("[S]ubstantial evidence is irrelevant to whether an ALJ committed an error of law."). This means the undersigned will not consider whether the ALJ's statements are supported by evidence – they are assumed to be substantially supported. Instead, the Court must determine whether the ALJ's RFC determination is allowed by law in light of his findings.

Plaintiff's first argument is relatively straightforward. The RFC contained one mental limitation: Plaintiff "can understand, remember, and carry out simple instructions." (AR, at 18). "Understanding, carrying out, and remembering simple instructions" amounts to a "basic work activity." 20 C.F.R § 416.922(b)(3). Plaintiff asserts that when the ALJ finds a severe impairment, the claimant must be limited beyond basic work activities. (Doc. 7, at 3) (citing 20 C.F.R. §§ 416.920(c), 416.922(a); SSR 85-28; SSR 16-3p).[5] The ALJ confirmed as much in the decision. (AR, at 14). Because understanding, carrying out, and remembering simple instructions is a basic work activity, the argument goes that the ALJ erred by not assessing additional mental limitations. (Doc. 7, at 5).

_____

[5] 20 C.F.R. § 416.920(c) ("If you do not have any impairment or combination of impairments which significantly limits your . . . mental ability to do basic work activities, we will find that you do not have a severe impairment . . . ."); *id.* § 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your . . . mental ability to do basic work activities."); Soc. Sec. Ruling ("SSR") 85-28: Titles II & XVI: Medical Impairments That Are Not Severe, 1985 WL 56856, at *3 (S.S.A. Jan. 1, 1985) ("The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs."); SSR 16-3p, Titles II & XVI: Evaluation of Symptoms in Disability Claims, 2017 WL 5180304, at *11 (S.S.A. Oct. 25, 2017) ("A severe impairment is one that affects an individual's ability to perform basic work-related activities for an adult.").

6

Plaintiff "overstates the impact of the agency's summary step-two evaluation on the detailed RFC determination at step four." *Johnson v. Berryhill*, 679 F. App'x 682, 686 (10th Cir. 2017). In *Johnson*, the plaintiff argued that "the ALJ failed to account for her fibromyalgia because he found that it did not change her RFC, despite determining at step two that it constituted a severe impairment." *Id.* The court found that "a finding that an impairment is severe at step two is not determinative of the claimant's RFC and cannot substitute for a proper step-four analysis." *Id.* at 687. So, after finding impairment at Step Two, "the ALJ still had the task of determining the extent to which those impairments . . . restricted [claimant's] ability to work." *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007). Here, the ALJ did so, and found Plaintiff was limited as outlined in the RFC.

The undersigned also notes that courts have rejected the very argument presented by Plaintiff here. *See King v. Comm'r of Social Sec.*, No. SA-25-CV-00720-XR, 2026 WL 1910145, at *2 (W.D. Tex. July 2, 2026) ("Contrary to Plaintiff's repeated assertions, she fails to cite authority that mandates remand or an outright award of benefits when there is an inconsistency between a finding of severe mental impairment and the absence of a limitation in performing one of the non-exclusive basic work activities.") (citation modified); *Michele H. v. Bisignano*, No. 2:25-CV-00293-JAW, 2026 WL 1815552, at *2 (D. Me. June 24, 2026) ("This Court and others have rejected the idea that an ALJ is required to include any particular limitations in a claimant's RFC as a result of earlier findings that the claimant's mental impairment is severe and results in moderate limitations in concentration, persistence, and pace."); *D. v. Bisignano*, No. 3:25-CV-00563, 2026 WL

1128595, at \*11 (S.D.W. Va. Apr. 6, 2026) (rejecting the argument and finding that the "position is not consistent with Fourth Circuit precedent, which governs the instant action"), *adopted*, 2026 WL 1126951 (S.D.W. Va. Apr. 24, 2026); *Sandra J. B. v. Kijakazi*, No. 1:21-CV-00038-BU, 2022 WL 2919491, at \*3 (N.D. Tex. July 1, 2022) ("[A] finding that a claimant has a severe impairment at step two is different than the ALJ's assessment of the claimant's RFC."), *adopted*, 2022 WL 2918103 (N.D. Tex. July 25, 2022).  Thus, the undersigned does not find merit in this argument.

Plaintiff next contends the RFC's "limitation to simple instructions did not, and could not, accommodate [Plaintiff's] admittedly moderately limited ability to concentrate, persist, or maintain pace."   (Doc. 7, at 7).   When evaluating a claimant's mental impairments, the ALJ utilizes the psychiatric review technique ("PRT") that "requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the 'paragraph B' criteria . . . of the adult mental disorders listings."  SSR 96-8p, 1996 WL 374184, at \*4; *see also Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013).   These criteria consider whether a claimant can "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)(2)(b).  But "the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment." SSR 96-8p, 1996 WL 374184, at \*4.  Rather, they "are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."  *Id.* Here, the ALJ found Plaintiff had moderate limitations in both understanding,

remembering, or applying information and in concentrating, persisting, or maintaining pace.  (AR, at 17).

The Tenth Circuit held that an "ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment."  *Vigil*, 805 F.3d at 1203 (10th Cir. 2015); *see also Beasley*, 520 F. App'x at 754 n.3 (rejecting the plaintiff's argument that prior case law requires "an ALJ's RFC assessment to mirror his step three-findings" and noting SSR 96-8's caution to adjudicators that "the limitations identified in the paragraph B . . . criteria are not an RFC assessment . . . .") (internal quotation marks omitted).  Thus, the RFC is not erroneous as a matter of law as Plaintiff argues.

For the reasons stated above, the undersigned recommends affirming the Commissioner's decision.

## VI.    Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends the Court **AFFIRM** the Commissioner's decision.  **The Court advises the parties of their right to object to this Report and Recommendation by August 3, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 27th day of July, 2026.

_Amanda L. Maxfield_
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

10